UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-559-MOC
(3:17-cr-180-MOC-DSC-1)

| | |
|---|---|
| ERNEST KEITH, JR., )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's *pro se* "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," (Doc. No. 1). Petitioner filed the pleading in the criminal case and it has been docketed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the instant civil case.

Although Petitioner submitted the instant pleading on a § 2254 form, Petitioner appears to challenge the legality of his federal conviction and sentence under § 2255. Before this Court construes this action as one arising under § 2255, Petitioner is entitled to the notice and opportunity to state whether he intended to bring the action as one arising under Section 2255 pursuant to Castro v. United States, 540 U.S. 375 (2003). That is, a "court cannot … recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Id. at 383; see United States v. Blackstock, 513 F.3d 128, 134-35 (4th Cir. 2008). If the Court construes this petition as one being brought under §

1

2255, it will be Petitioner's first § 2255 petition[1] which will mean that he must receive certification from the United States Court of Appeals for the Fourth Circuit before filing a second or successive § 2255 petition. See 28 U.S.C. § 2255(h). Petitioner shall have **twenty-one (21) days** in which to inform the Court whether he would like to have this Court construe his motion as a Section 2255 petition. If Petitioner chooses not to proceed under § 2255, the instant petition will be dismissed without prejudice.

If Petitioner chooses to proceed under § 2255, he may file, within **twenty-one (21) days**, a superseding Amended § 2255 petition on the enclosed form, subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644 (2005). Although Petitioner is appearing *pro se*, he is required to comply with the Local Rules of the United States District Court for the Western District of North Carolina, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules."); see generally LCvR 1.7(d) (the page limit for any civil brief is 25-pages with a 12-point font size, double-spaced). Any claims omitted from the Amended § 2255 petition will be waived.

---

[1] Petitioner previously filed a § 2255 petition but it was dismissed without prejudice as premature, case number 3:18-cv-474-MOC.

See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

If Petitioner fails to timely respond to this Order, the Court will recharacterize the petition as a § 2255 Motion to Vacate.

A search of Petitioner's online records indicates that Petitioner has been transferred from his address of record at the Mecklenburg County Jail to the Atlanta United States Penitentiary. Petitioner is reminded that it is his responsibility to inform the Court of his current address and that failure to do so may result in dismissal of this action for lack of prosecution.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall, within **twenty-one (21) days** of service of this Order, inform the Court as to whether he would like for the Court to construe his motion as § 2255 petition.

2. Petitioner may file, within **twenty-one (21) days** of service of this Order, a superseding Amended § 2255 petition on the enclosed form.

3. If Petitioner takes no action within **twenty-one (21) days** of service of this Order, the Court will recharacterize this the petition as one being brought under § 2255.

4. The Clerk of Court is instructed to mail Petitioner a § 2255 form and a copy of this Order to his address of record and to USP Atlanta.[2]

Signed: October 18, 2018



Max O. Cogburn Jr
United States District Judge

---

[2] Ernest Keith, Reg. No. 76137-066, USP Atlanta, U.S. Penitentiary, PO Box 150160, Atlanta, GA 30315.